# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BECKY L. UTLEY and LYNN C. GOACHER, as Co-Executors of the Estate of CHARLES R. GOACHER, and Special Co-Administrators of the Estate of PATRICIA SUE GOACHER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 11-3192 |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| vs. | ) ) | |
| BECKY L. UTLEY and LYNN C. GOACHER, as Co-Executors of the Estate of CHARLES R. GOACHER, deceased, | ) ) ) ) ) | |
| Plaintiffs/Counter-Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion for Good Faith Finding filed by the Estate of Charles R. Goacher, a Plaintiff/Counter-Defendant.

I.

On July 6, 2011, Plaintiffs/Counter-Defendants Becky L. Utley and Lynn C. Goacher, as co-executors of the Estate of Charles R. Goacher (Mr. Goacher), deceased, and special co-administrators of the Estate of Patricia Sue Goacher (Mrs. Goacher), filed a Complaint against the United States Postal Service[1], wherein they asserted claims for personal injuries, property damage, and wrongful death arising out of a fatal motor vehicle collision in Morgan County, Illinois. Becky L. Utley and Lynn C. Goacher are the only children of Mr. And Mrs. Goacher.

This action arises out of an occurrence in which Mr. and Mrs. Goacher were on a motorcycle. Mr. Goacher was driving and Mrs. Goacher was the passenger. Their motorcycle was approaching the intersection of

---

[1]In an Order entered on September 16, 2011, the United States of America was substituted as the proper party for the United States Postal Service.

Woodson Road and Route 67 traveling from east to west.  A vehicle driven by Travis Kinstle, an employee of the United States of America, was heading south on Route 67.  There was a collision between the vehicles. Mr. and Mrs. Goacher were killed as a result of this collision.

On September 22, 2011, Defendant/Counter-Plaintiff United States of America filed its Answer and Counterclaim for Contribution against the Counter-Defendants, Becky L. Utley and Lynn C. Goacher, as co-executors of the Estate of Charles R. Goacher.

In its Counterclaim, the United States denies any liability for the June 1, 2008, motor vehicle collision and seeks contribution from the Plaintiffs/Counter-Defendants pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2, for any damages that the United States is found liable to pay due to the collision.  It alleges that, as Co-Executors of the Estate of Mr. Goacher, the Plaintiffs/Counter-Defendants are liable in contribution for the death of Mrs. Goacher.

On August 10, 2012, the Plaintiff/Counter-Defendant filed a motion for good faith finding as to a settlement.

3

II.

In support of its motion, the Plaintiff/Counter-Defendant states that a settlement has been reached at which time the insurance funds available on behalf of Mr. Goacher were tendered to the Co-Special Administrators of the Estate of Mrs. Goacher to settle and resolve this claim in contribution.  The available insurance limits are $100,000.00 through Mr. Goacher's Foremost Insurance Policy number 2760071504410.  In Illinois, there is a family member exclusion so there is no coverage under Part A of this policy.  However, pursuant to Part C, under insured motorists coverage is applicable.  Moreover, the Plaintiff/Counter-Defendant notes that all parties are represented by counsel and assert that the settlement between the Estate of Mr. Goacher and the Estate of Mrs. Goacher is fair, reasonable, and in good faith within the meaning of 740 ILCS 100/2(c).

The Estate of Mrs. Goacher signed a Release releasing the Estate of Mr. Goacher from any further liability for any wrongful death damages. Citing *Bowers v. Murphy & Miller, Inc.*, 272 Ill. App.3d 606, 609 (1st Dist. 1995), the Plaintiff/Counter-Defendants argue that Illinois public policy

4

favors the compromise and settlement of claims and a presumption of the validity of the settlement or release agreement arises by the mere existence of an agreement.

On that basis, the Plaintiff/Counter-Defendant asks the Court to find that the settlement reached between the Estates of Mr. and Mrs. Goacher is fair, reasonable, and in good faith as required by 740 ILCS 100/2. Moreover, it asks the Court to find the settlement between the Estates of Mr. and Mrs. Goacher discharges the Estate of Mr. Goacher from all liability and any contribution to any join tortfeasor pursuant to 740 ILCS 100/2(d). Accordingly, the Plaintiff/Counter-Defendant asserts the Counterclaim for Contribution filed by the United States against the Estate of Mr. Goacher should be dismissed with prejudice.

### III.

The purpose of the Contribution Act is twofold–to encourage settlements and the equitable apportionment of damages among tortfeasors. *See Johnson v. United Airlines*, 784 N.E.2d 812, 821 (Ill. Sup. Ct. 2003). Courts must balance these policy considerations in determining if a

settlement was negotiated in "good faith."  *See id.*  "[T]he balance of these two policies is best struck by placing the burden of proving the absence of good faith on the party challenging the settlement, but sustaining the challenge to the settlement when a preponderance of the evidence indicates a lack of good faith."  *Id*.

"[P]ublic policy strongly favors the peaceful and voluntary resolution of claims."  *See id*. at 818.  A settlement agreement does not meet the good faith requirement if it conflicts with the terms of the Contribution Act or is inconsistent with the policies underlying the Act.  *See id*. at 821.  Courts consider the totality of circumstances in making this determination.  *See id*.

The United States notes that Becky L. Utley and Lynn C. Goacher were appointed as co-administrators of the estate of their deceased mother, pursuant to 740 ILCS 180/2.1, which generally applies when the only asset of the deceased estate is a cause of action arising under the Wrongful Death Act.  In that capacity, the Plaintiffs/Counter-Defendants filed the instant complaint as special co-administrators of their deceased mother and as co-executors of their deceased father's estate.

6

The settlement agreement states that on August 10, 2012, Becky L. Utley and Lynn C. Goacher, as co-administrators of the estate of their deceased mother, Mrs. Goacher, in consideration of the payment of $100,000 from the liability insurance policy of their deceased father, Mr. Goacher, released and discharged his estate, heirs, etc. for whom they are co-executors, from all liability for damages associated with the death of their mother in June 2008.

The United States has abandoned its argument that the Plaintiff/Counter-Defendant cannot establish the settlement is valid because it was made after the Wrongful Death Act's statute of limitations expired. The United States continues to allege that Plaintiff/Counter-Defendant cannot establish that the settlement was made in good faith.

In determining whether a settlement was made in good faith, courts examine several factors: (1) the amount of a settlement viewed in relation to the probability of recovery; (2) the defenses raised; (3) the settling party's potential legal liability; (4) the reasonableness of the amount paid by the settling tortfeasor; (5) the possibility of a personal relationship

7

between the settling parties; and (6) any attempt to conceal the terms of the settlement. *See Pierre Condominium Association v. Lincoln Park West Associates, LLC*, 881 N.E.2d 588, 596 (1st Dist. 2007). Other relevant factors include: (1) facts tending to show that the settling parties engaged in wrongful conduct, collusion or fraud; and (2) any indication that the proposed settlement agreement conflicts with the terms of the Contribution Act or policies underlying the Act. *See Johnson*, 784 N.E.2d at 821.

Applying these factors, the United States claims that the amount of the settlement viewed in relation to the probability of recovery supports its argument because it contends Mr. Goacher was 100% at fault for causing the collision. Alleging that its recovery could easily exceed the $100,000 payment, the United States asserts that the proposed settlement is designed to protect assets from its valid counterclaim.

As for the second factor, the United States notes that it raised 13 affirmative defenses in its Answer to Count I of the Plaintiffs' Complaint, with Mr. Goacher's alleged comparative fault detailed in 16 separate acts of negligence, fault and alleged traffic violations. The United States

8

contends that Plaintiffs/Counter-Defendants undoubtedly realize that a significant payment resulting from the United States' contribution counterclaim may serve to deplete the probate estate.

The third factor concerns the settling party's potential legal liability. As noted, the United States believes Mr. Goacher was at fault and has identified 16 separate alleged acts of comparative fault. The United States thus alleges that the settling party is more culpable. It asserts that the counterclaim is necessary because if it is determined to be slightly at fault, the United States will only have to pay its respective liability portion of awarded damages.

Another relevant factor is the reasonableness of the amount paid by the settling tortfeasor. The United States contends that the payment of $100,000 to potentially save the entire value of the estate of Mr. Goacher from liability on its counterclaim is not reasonable. If the settlement is in good faith and the United States is deemed to be 1% liable for a large damages amount, then it would be 100% responsible for paying the entire judgment, even though the estate of Mr. Goacher has sufficient assets to

9

pay its proportionate share. Thus, the United States claims the reasonableness of the amount paid by the settling tortfeasor weighs in its favor.

The fifth factor is the possibility of a personal relationship between the settling parties. The Court has stated that Plaintiffs/Counter-Defendants are the only children of Mr. and Mrs. Goacher. The United States claims that the co-executors, who have agreed to have their father's insurance company pay their mother's estate the amount of $100,000, are the same individuals who, as co-special administrators, willingly gave their father's estate the release and potential termination of its counterclaim, thus saving their father's estate for their own inheritance. Thus, the United States contends that, as the settlement is structured, it is a win-win situation for the Plaintiff/Counter-Defendant and a losing proposition for it.

As for the sixth factor, there is no evidence that the settling parties attempted to conceal the terms of the settlement.

The United States claims that there is evidence that the settling

parties engaged in collusion. It asserts that Plaintiffs/Counter-Defendants are definitely attempting to shield their father's estate from the United States' counterclaim by accepting $100,000 settlement of all wrongful death claims against their father for the wrongful death of their mother. The United States alleges that Becky L. Utley and Lynn C. Goacher evinced no intent or interest in seeking damages from their father's insurance and/or estate for the wrongful death of their mother until its counterclaim was filed on September 22, 2011. It further asserts that the settlement proposed in August of 2012 was made in order to attempt to shield their father's estate, which includes 40 acres of farmland in Morgan County, Illinois, from liability on the counterclaim. But for the insurance company's payment of $100,000 to Mr. Goacher's estate, the insurance monies would have been available to pay any contribution claim against the estate of Mr. Goacher.

For the reasons previously discussed, the United States alleges that a settlement agreement will not satisfy the good faith requirement if it conflicts with the terms of the Act or is inconsistent with the policies underlying the Act.

The last factor relied on by the United States is "whether the plaintiff sued the settlor," which the court pointed to in *Wreglesworth v. Artco, Inc.*, 317 Ill. App.3d 628 (1st Dist. 2000).  The court in *Wreglesworth* relied on *Warsing v. Material Handling Services, Inc.*, 271 Ill. App.3d 556, 560 (2d Dist. 1995), *abrogated* on other grounds by *Johnson v. United Airlines*, 203 Ill.2d 121 (2003).  The discussion in *Warsing* regarding how the close personal relationship between the plaintiff and the settlor is evidenced by the fact that the plaintiff elected not to sue the settlor remains good law. The court in *Warsing* noted that the only reasonable inference as to why the plaintiff did not sue the settlor was because of the relationship between the parties.  271 Ill. App.3d at 560.  The United States contends that the same reason explains why the co-executors decided not to file a wrongful death suit against the estate of their deceased father on behalf of their deceased mother.

## IV.

The Court concludes that the United States has met its burden of showing by a preponderance of the evidence a lack of good faith.  The

United States has pointed to a number of factors which it alleges supports its argument.  In its response, the Plaintiff/Counter-Defendant does not specifically address any of those factors, except to emphatically deny any suggestion of collusion in an attempt to shield the co-executor's father's estate from the United States' counterclaim.

The Court must deny the motion for good faith finding.  A number of factors are particularly probative and support the argument of the United States.  First, the United States believes that the damages are likely to significantly exceed $100,000.  If the settlement is found to be in good faith, the United States would be precluded from recovering the remainder of any judgment from the solvent estate assets of Mr. Goacher.

Next, the United States has identified a number of alleged acts of comparative fault by Mr. Goacher.  The United States believes he was 100% responsible for  the accident; however, it believes its counterclaim is necessary so that the United States will have to pay only its respective liability portion of damages if it is determined to be slightly at fault.

The Court also cannot overlook the possibility of a personal

relationship between the settling parties influencing the settlement. Obviously, the children of Mr. Goacher will benefit if the United States is forced to pay Mr. Goacher's portion of his liability to Mrs. Goacher's estate.

In short, the Court is unable to determine that the proposed settlement is consistent with each of the policies of the Contribution Act, one of which is the equitable apportionment of damages among joint tortfeasors. *See Johnson*, 784 N.E.2d at 821.

Ergo, the Motion of Defendant/Counter-Plaintiff United States of America to file a Reply brief instanter [d/e 29] is ALLOWED.

The Motion of Plaintiff/Counter-Defendant Estate of Charles R. Goacher for a Good Faith Finding as to Settlement [d/e 24] is DENIED.

ENTER: October 30, 2012

FOR THE COURT:

*s/Richard Mills*
s/Richard Mills
United States District Judge

14